IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLIE SCOTT,

    Petitioner,

vs.                                                  CASE NO. 5:09-cv-204/RS-EMT

C. EIECHENLAUB, Warden,

    Respondent.

_____/

## Order

Before me are the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1), Respondent's response (Doc. 13), and Petitioner's reply (Doc. 29).

**I. BACKGROUND**

On December 18, 1995, Petitioner, then on active military duty, was sentenced by general court-martial to forty years imprisonment for a string of crimes—fraudulent enlistment, desertion, three escapes, six rapes, larceny, wrongful appropriation of an automobile, robbery, robbery with a firearm, housebreaking, wrongful possession of military identification, wrongful impersonation of a non-commissioned officer, indecent assault, and kidnapping (Doc. 1 at 1-2; Doc. 13, Attach. 2, Exhibit A; Doc. 13 at 1-2).

This sentencing was the culmination of a multi-year fiasco where Petitioner was arrested, escaped, and re-arrested on multiple occasions. Petitioner committed many of these crimes while at large (Doc. 13, Attach 2, Exhibit C, Federal Initial Prehearing Assessment).

Pursuant to 10 U.S.C. § 858, Petitioner was transferred from military custody to the Federal Bureau of Prisons ("FBOP") to serve his sentence (Doc. 13 at 2). Petitioner is currently housed at the Federal Prison Camp in Marianna, Florida, where he is parole eligible (Doc.1 at 1).[1]

In June 2002, a pre-hearing assessment was prepared in preparation for Petitioner's parole hearing. The assessment indicated that the total guideline range was 206-332 months (Doc. 13, Attach. 2, Exhibit C at 4). On January 13, 2003, a Parole Commission ("the Commission") hearing examiner conducted Petitioner's parole hearing (Doc. 13, Attach. 3, Exhibit B, Initial Hearing Summary), and on January 29, 2003, the Commission decided to continue Petitioner to a 15-year reconsideration hearing[2] in January 2019 (Doc. 13, Attach. 2, Exhibit D, Notice of Action).

Petitioner appealed the Commission's decision on the ground that the Commission's decision was based upon erroneous information (Doc. 13, Attach. 2, Exhibit E, Appeal). The Commission's National Appeals Board affirmed the Commission's Decision (Doc. 13, Attach. 3, Exhibit F, Notice of Action on Appeal).

On January 18, 2005, an interim hearing was conducted whereby the Commission decided to order no-change to the 15-year reconsideration hearing (Doc. 13, Attach. 2, Exhibit G, Hearing Summary; Doc. 13, Attach. 2, Exhibit H, Notice of Action).

---

[1] 10 U.S.C. §858(a) provides that prisoners confined in "correctional institutions[s] not under the control of one of the armed forces are subject to the same discipline and treatment as persons confined or committed by the courts of the United States." Court have construed this to mean that parole eligibility for former military prisoners is on the same terms as all others. *See, e.g., O'Callahan v. Attorney Gen.*, 230 F. Supp. 766, 767 (D. Mass. 1964), aff'd 338 F.2d 989 (1st Cir. 1964).

[2] A fifteen year reconsideration hearing affords a parole eligible prisoner a reassessment of the case, while interim hearings are used to consider any significant developments or changes in the prisoner's status that may have occurred subsequent to the initial hearing. 28 CFR § 2.14

Petitioner appealed this decision, and the National Appeals Board affirmed the action of the Commission (Doc. 13, Attach. 2, Exhibit I, Notice of Action on Appeal).

On November 29, 2006, another interim hearing was conducted. The hearing examiner recommended that Petitioner's 15-year reconsideration hearing be advanced by one year (Doc. 13, Attach. 2, Exhibit J, Hearing Summary). The Commission disagreed with the hearing examiner's recommendation and ordered no-change in the 15-year reconsideration hearing date of January 2018 (Doc. 13, Attach. 2, Exhibit K, Notice of Action). Petitioner appealed this decision, and the National Appeals Board affirmed the action of the Commission (Doc. 13, Attach. 2, Exhibit L, Notice of Action on Appeal).

Petitioner was scheduled to receive another interim hearing on July 2008, but he waived the hearing (Doc. 13, Attach. 2, Exhibit M, Notice of Hearing-Parole Application Representative and Disclosure Request). On October 15, 2008, Petitioner signed a parole application indicating that he wished to waive parole consideration (Doc. 13, Attach. 2, Exhibit N, Notice of Hearing-Parole Application Representative and Disclosure Request).

Subsequent to these waivers, Petitioner reapplied for parole consideration. And, on November 17, 2009, a Parole Commission hearing examiner conducted an interim hearing for petitioner (Doc. 37, Attach. 2, Supplemental Exhibit 1). The hearing examiner found that there was no information since the last hearing that would affect the Commission's decision to deny petitioner parole until at least 2018. Following the hearing, the Commission ordered no change in the decision to conduct a15-year reconsideration hearing (Doc. 37, Attach. 2, Supplemental Exhibit 2). Petitioner

appealed the Commission's decisions to the National Appeals Board, and the Board found no merit to petitioner's claims (Doc. 37, Attach. 2, Supplemental Exhibit 3-4).

Petitioner has now filed this 28 U.S.C. § 2241 petition alleging that (1) "the Parole Commission improperly postponed the Petitioner's release beyond the guideline range in violation of the Due Process right of the Fifth Amendment; and (2) "the Commission's decisions to go outside of the guidelines was arbitrary, capricious, and an abuse of discretion (Doc. 1 at 4-7)."

## II. ANALYSIS

A. Administrative Exhaustion

"A prisoner challenging a Parole Commission decision is required to exhaust his administrative remedies before seeking habeas relief in federal court." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). *See also Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (holding administrative exhaustion requirement applicable to prisoners seeking habeas relief, including relief pursuant to § 2241). Administrative exhaustion is a jurisdictional requirement. *Martin v. Zenk*, 244 Fed. Appx. 974, 977 (11th Cir. 2007) (unpublished) (*citing Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992)).

In the context of federal parole proceedings, "the exhaustion doctrine does not require that the National Appeals Board actually rule on the merits of [a petitioner's] claims, [although] it does require that [a petitioner] present the claims to the Board, thereby giving it an opportunity to review the decision reached by the Parole Commission." *Fuller*, 11 F.3d at 62.

Here, Petitioner had an initial parole hearing, and three interim parole hearings. On each of these occasions, Petitioner appealed the Commission's decisions which were then ultimately affirmed by the National Appeals Board. Petitioner has therefore exhausted his administrative remedies for the decisions made by the Commission at those times.[3]

B. Substantive Claim

The Parole Commission is vested with very broad discretion in matters of parole. *Shakur v. Wiley*, 156 Fed. Appx. 137, 138 (11th Cir. 2005) (unpublished) (*citing Meagher v. Clark*, 943 F.2d 1277, 1283 (11th Cir. 1991)). "A federal court will not reverse a decision of the Commission unless it involves flagrant, unwarranted, or unauthorized action that constitutes an abuse of the Commission's discretion." *Id. (citing Glumb v. Honsted*, 891 F.2d 872, 873 (11th Cir. 1990)). Specifically, "judicial review of denial of parole by it is permissible only upon allegations of facts, sufficient if proved, to establish that the Board's action was arbitrary, capricious, or an abuse of discretion." *Id. (citing Calabro v. U.S. Bd. of Parole*, 525 F.2d 660, 661 (5th Cir. 1975)).

Petitioner claims that the Commission "missappli[ed] and misinterpreted[ed] the guidelines (Doc.1, p. 15)." Specifically, Petitioner asserts that because the military conviction encompassed his escape offenses and the offenses committed while at large,

---

[3] In 2008, Petitioner executed waivers of parole consideration. He later applied for parole consideration, thereby nullifying the waivers. Because of his later applications for parole, the decision by the Commission, and the review by the Board, the waivers have no bearing on the administrative exhaustion analysis. "A prisoner may knowingly and intelligently waive any parole consideration on a form provided for that purpose. If a prisoner waives parole consideration, he may later apply for parole and may be heard during the next visit of the Commission to the institution at which he is confined." 28 C.F.R. § 2.11 (b).

the Commission is limited to establishing guidelines based upon one offense that resulted in conviction (Doc. 1, p. 11).

Congress has granted the Commission authority to establish guidelines for computing the appropriate time a prisoner should serve before being released on parole. 18 U.S.C. §4203(a)(1) (repealed). As part of its general parole policy, the Commission considers criminal behavior committed while in confinement, called the recission guidelines. 28 C.F.R § 2.20. These guidelines apply "to the sanctioning of disciplinary infractions or new criminal conduct committed by a prisoner during *any period of confinement that is credited to his current sentence* (whether before or after sentence is imposed), but prior to his release on parole." 28 C.F.R § 2.36(a) (emphasis added).

The Commission has elaborated on the meaning of the recission guidelines.

> The Commission's longstanding interpretation of its rescission guidelines is therefore that they apply to all misconduct and new criminal behavior committed by an offender "in confinement." In order to clarify the language of § 2.36(a), (which, standing alone, appears to limit rescission guidelines to conduct after a prisoner has begun service of an imposed sentence) the Commission is amending § 2.36(a). The amended rule will make clear that the rescission guidelines apply to new criminal conduct committed by any offender who is in confinement, *whether as a pretrial detainee, as a prisoner serving an imposed sentence, or as a prisoner who has been transferred to another institution pending trial or sentencing on another matter. . . .* This inclusive policy reflects the Commission's view that disciplinary infractions are always relevant to the parole decision-making process, and that new crimes committed while in *official confinement of any type* are a significant indicant of the offender's lack of suitability for parole or reparole.

Paroling, Recommitting, and Supervising Federal Prisoners: Recission Guidelines 64 Fed. Reg. 59622 (Nov. 3, 1999) (emphasis added) (punctuation altered).

After his initial arrest for rape, petitioner escaped from custody and the offenses that he committed while on escape were properly considered under the recission guidelines. At that time, Petitoner was a pretrial detainee, and within the class of cases where the rescission guidelines are applicable. The escapes, after all, "occurred [during] a period of confinement that is credited to his current sentence." Petitoner's contention does not comport with the plain language of 28 C.F.R. § 2.36 or the Commission's published interpretation. Under the deferential review standard, the Commission most certainly did not abuse its discretion in applying the recission guidelines to petitioner.

Turning now to the actual calculation, this abuse of discretion standard also applies. In this case, the hearing examiner referenced the Commission's Guidelines for Decisionmaking, which uses an offense severity rating and the prisoner's salient factor score to establish petitioner's base parole guidelines. *See* 28 C.F.R. § 2.20. The U.S. Parole Commission Offense Severity Index lists rape as a category seven offense. Chapter 2, Subchapter D, Paragraph 231 (a). The hearing examiner determined that petitioner's salient factor score was seven (Doc. 13, Attach. 2, Exhibit C, Federal Initial Prehearing Assessment). The base parole guidelines for petitioner were calculated to be 64 to 92 months. *Id.* This is consistent with the Guidelines for Decisionmaking found within 28 C.F.R. § 2.20.

Using the recission guidelines, the hearing examiner determined that the rape offenses which petitioner committed while on escape were classified as a category seven

(Doc. 13, Attach. 2, Exhibit C, Federal Initial Prehearing Assessment). As required by 28 C.F.R. § 2.36(a)(3), the salient factor score was calculated as five (Doc. 13, Attach. 2, Exhibit O, Parole Guideline Worksheet). Thus, guidelines of 78-110 months were added to petitioner's original parole guidelines. In addition, the Commission added recission guidelines of 8-16 months for each of petitioner's three escapes and two attempted escapes onto the parole guidelines (Doc. 13, Attach. 2, Exhibit C at 4).

Petitioner's new criminal behavior that occurred while on escape is governed by 28 C.F.R § 2.36(a)(3). The actual acts of escape and attempted escape are governed by 28 C.F.R. §2.36(a)(2)(i). The recission guideline calculations made by the Commission concerning the escape-related conduct are consistent with regulations and are not an abuse of discretion.

Finally, the Commission considered information received from military prison officials that petitioner had committed numerous disciplinary infractions while in their custody (Doc. 13, Attach. 2, Exhibit C, Federal Initial Prehearing Assessment). These infractions included two acts of bribery--adding 12 to 16 months each as new criminal conduct, and nine administrative violations--adding 0 to 2 months each as administrative infractions (Doc. 13, Attach. 2, Exhibit P); *Id.* Petitioner asserts that the Commission erred by considering the bribery infractions as new criminal behavior rather than administrative rule infractions (Doc. 1, p. 9-10).

The Commission's determination that acts or attempted acts of bribery constitute something more serious than administrative rule infractions is not arbitrary and capricious. *See Graham v. United States Parole Comm'n*, 1996 U.S. Dist. LEXIS 22913

(W.D. Tenn. 1996), *aff'd,* 1997 U.S. App. LEXIS 34807 (6th Cir. 1997) (unpublished) (denying habeas petition where hearing officer found "additional new criminal behavior involving petitioner offering a bribe to a correctional officer"). Rather, these recission calculations are reasonable especially because the Commission is given broad latitude and "may consider any relevant evidence or information in reaching its decision." *Tobon v. Martin*, 809 F.2d 1544, 1545 (11th Cir. 1987).

In sum, the Commission acted within its appropriate discretion at every step in the parole consideration process. Petitioner's allegations of impropriety are without merit and do not raise an inference that the Commission's actions were "arbitrary, capricious, or an abuse of discretion."

The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. This cause is **DISMISSED with prejudice**.

**ORDERED** on March 4, 2011

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**